# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**YVONNE BARNES,**

    **Plaintiff,**

**v.**                                                     Case No: 8:10-CV-0737-T-30AEP

**DETECTIVE JEFFERY SAMBERG,**
**HILLSBOROUGH COUNTY**
**SHERIFF'S OFFICE,**

    **Defendants.**
    _____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiff's Amended Complaint (Dkt. No. 7), and Affidavit of Indigency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. Plaintiff brings this cause of action pursuant to Title 42 U.S.C. § 1983, alleging that Deputy Jeffery Samberg, in his official capacity, violated her civil rights by failing to properly investigate a check forgery charge. Plaintiff alleges that Detective Samberg's actions resulted in her arrest for uttering a forged instrument and petty theft. According to Plaintiff, there was no probable cause for the arrest and it is her belief that Detective Samberg "in the beginning located her past record of the familiar crime and assumed without further research or investigation assumed [*sic*] the plaintiff re-offended and issued a warrant for her arrest." (Dkt. No. 7.) In addition to her § 1983 claim, Plaintiff brings claims for negligence, intentional infliction of emotional distress, malicious prosecution, and libel and defamation of character.

Upon consideration of Plaintiff's initial Complaint (Dkt. No. 1), the Court found that the Complaint was ambiguous as to the entity being sued. Thus, the Court took Plaintiff's Complaint under advisement, allowing Plaintiff an opportunity to file an amended complaint. (Dkt. No. 4.) Plaintiff's Amended Complaint is now before the Court and the undersigned must determine if it complies with the Federal Rules of Civil Procedure and states a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action"). For the reasons discussed below, the Court finds that Plaintiff has sufficiently stated a cause of action against Detective Samberg in his individual capacity.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

As an initial matter, the Court notes that Plaintiff named the Hillsborough County Sheriff's Office as a Defendant in the caption of the Amended Complaint even though the Court had advised Plaintiff that under Florida law a sheriff's office is not an entity that can be sued under § 1983. *See McMahon v. Hunter*, No. 2:06-CV-00179-34DNF, 2007 WL 1952906, at *3 (M.D. Fla. July 2, 2007) ("Although Florida law envisions that counties have the power to be sued, a sheriff's office is not a 'person' 'acting under the color of state law' for the purposes of 42 U.S.C. § 1983."). Thus, the Court recommends that the Hillsborough County Sheriff's Office be dismissed from the case.

Additionally, Plaintiff states that she is suing Detective Samberg in his official capacity. To state a claim for relief under § 1983 against a party in his official capacity, a plaintiff must demonstrate the violation of a constitutional right caused by enforcement of a policy or custom of the municipality. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Under § 1983, local government bodies, such as police departments, may be held liable only for the acts "of the municipality" — that is, acts which the municipality has officially sanctioned or ordered. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). In other words, a municipality may not be held vicariously liable for the acts of its employees. *Id.*; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Moreover, to establish a policy or custom, a plaintiff must show a "persistent and widespread practice," and "actual or constructive

3

knowledge of such customs must be attributed to a governing body of the municipality." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999). Absent policymaking authority, a single incident of misconduct by an individual (or individuals) fails to establish a policy or custom on the part of a municipality under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985); *Gilmere v. Atlanta*, 737 F.2d 894, 902 (11th Cir. 1984).

Here, Plaintiff appears to allege a "culture of corruption and illegal conduct in Tampa[,] Florida, especially the process of proper investigation before issuing a warrant for one[']s arrestand cause great harm to one['s] life." However, Plaintiff does not allege "actual or constructive knowledge . . . attributed to a governing body of the municipality," *Wayne*, 197 F.3d at 1105, nor does she reference any incidents establishing a policy or custom, beyond her own. Accordingly, she fails to state a claim for relief under § 1983 against Detective Samberg in his official capacity.

Furthermore, Plaintiff seeks punitive damages, which are not available in an official capacity suit. *See Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008) (citations omitted) ("In a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities."). Nevertheless, based on Plaintiff's prayer for punitive damages, the Court will liberally construe Plaintiff's Amended Complaint to assert causes of action against Detective Samberg in both his official and individual capacity.

Plaintiff alleges that Detective Samberg proceeded with the arrest without probable cause. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Rodriguez v. Farrell*, 280 F.3d 1341, 1345 (11th Cir.

4

2002) (internal quotations omitted).  However, if probable cause existed for an arrest, then the Fourth Amendment was not violated.  *Jordan v. Mosley*, 487 F.3d 1350, 1355 (11th Cir. 2007).  Probable cause exists when "the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Id*. (internal quotations and citation omitted).

Plaintiff's Complaint is based on an allegedly improper investigation of a stolen check claim.  Plaintiff claims that Detective Samberg, falsely reported Plaintiff to have stated that she filled in the amount on the check allegedly forged.[1]  Plaintiff alleges that she had "to pay for this check" and that she told Detective Samberg "if they locate the suspect to please add me down to get my money back."  Plaintiff asserts that she gave Detective Samberg the name and contact information of the person who initially received the forged check, but that Detective Samberg never contacted this person.  Plaintiff also alleges that Detective Samberg never contacted Plaintiff to inform her that she was "involved in a crime."  Additionally, Plaintiff claims that Detective Samberg did not attempt to compare the signature on the forged check with Plaintiff's signatures from her "past criminal history."  Plaintiff also claims that the victim in the case had contacted Detective Samberg in 2006, shortly after the occurrence of the alleged crime, and told him that her neighbor's boyfriend was suspected of breaking into the home where the checkbook was located.  According to Plaintiff, Detective Samberg never investigated these accusations.  Finally, Plaintiff alleges that she received a Letter of

---

[1] Plaintiff alleges that she received the check from someone who purchased fundraiser Easter baskets.

5

Release from the State Attorney and that the "Prosecutor contacted the defendant of the clearance on 7/05/2006 and yet the warrant remained active until plaintiff was arrested on 3/29/2008."

Based upon these allegations, the Court finds that Plaintiff's Amended Complaint against Detective Samberg in his individual capacity is sufficient to assert a claim for false arrest under § 1983. The Court notes, however, that it is making no determination as to the merits of any of Plaintiff's claims, including her request for damages.

Accordingly, it is hereby **RECOMMENDED**:

1) Plaintiff's **Motion for Leave to Proceed *In Forma Pauperis*** (Dkt. No. 2) be **GRANTED** as to Plaintiff's claims against Detective Jefferey Samberg in his individual capacity only;

2) Plaintiff's official capacity claims against Detective Jeffery Samberg and her claims against the Hillsborough County Sheriff's Office be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3) The Clerk of Court be directed to correct the case caption to reflect the dismissal of Defendant Hillsborough County Sheriff's Office; and

4) Plaintiff be directed to complete and return the "Summons in a Civil Case" form[2] to the Clerk within twenty (20) days of the Court's Order, whereupon the United States Marshal is directed to serve this summons upon the appropriate parties.

**IT IS SO REPORTED** at Tampa, Florida, this 1st day of July, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James S. Moody, Jr.
Plaintiff, *pro se*

---

[2] This form, listed as "Summons/Civil," can be found at the "Forms, Policies, and Publications," section, "CIVIL" subsection, of this Court's website at http://www.flmd.uscourts.gov. If the Plaintiff does not have access to the internet to download this form, Plaintiff may obtain the form by contacting the Clerk's Office at 813-301-5400.