# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

YVONNE BARNES, *pro se*,

    Plaintiff,

v.                                                 Case No. 8:10-cv-737-T-30AEP

DETECTIVE JEFFERY SAMBERG,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 28). Plaintiff, who is proceeding *pro se*, has failed to file a substantive response to this motion. After having considered the motion, and being otherwise advised in the premises, this Court concludes that Defendant's motion should be granted.

## Background

Plaintiff Yvonne Barnes contends that Defendant Detective Jeffery Samberg's unlawful conduct led to her arrest on charges of uttering a forged instrument and petty theft (all of these charges have since been dismissed). According to Plaintiff, there was no probable cause for her arrest. Instead, Plaintiff contends that Detective Samberg simply assumed that Plaintiff was guilty of check forgery because she had committed a prior similar crime. Plaintiff alleges, among other things, that Defendant's conduct renders him liable for

a violation of Title 42 U.S.C. § 1983, negligence, the intentional infliction of emotional distress, and malicious prosecution.

Plaintiff originally brought claims against the Hillsborough County Sheriff's Office, and Detective Jeffery Samberg in both his official and individual capacities. At the time that she filed her initial Complaint, Plaintiff made a motion for leave to proceed *in forma pauperis* on all of her claims. After reviewing this motion, the Court granted it with respect to her claims against Detective Samberg in his *individual* capacity, denied it with respect to her claims against Samberg in his *official* capacity, and also denied it with respect to her claims against the Hillsborough County Sheriff's Office. Subsequently, the Hillsborough County Sheriff's Office and Jeffery Samberg *in his official capacity,* have both been terminated as party defendants.

The sole remaining Defendant, Detective Samberg *in his individual capacity,* now moves to dismiss Plaintiff's Third Amended Complaint for a failure to comply with basic rules of pleading; specifically, Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 10(b).

**Discussion**

Courts construe the pleadings of *pro se* litigants more liberally than those drafted by attorneys. *See, e.g., Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990). However, although *pro se* pleadings are more liberally construed, *pro se* litigants still must comply with federal procedural rules and local court rules. *See, e.g., Wayne v. Jarvis,* 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee,* 338 F.3d 1304, 1328, n.52 (11th Cir. 2003).

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (2007).

Here, Plaintiff's Third Amended Complaint fails to comply with Fed. R. Civ. P. 8(a). Specifically, as a result of the problems noted below, it fails to give Defendant Samberg fair notice of the charges against him.

In her Complaint Plaintiff includes five "Counts" and four "Causes of Action." This format makes it unclear what claims Plaintiff wishes to raise against the Defendant. Indeed, it is unclear whether each "Count" is supposed to constitute a claim, whether each "Cause of Action" is supposed to be a claim, or whether both "Counts" and "Causes of Action" are supposed to signal claims.

Moreover, some of the allegations included under the headings of "Counts" and "Causes of Action" do not appear to be claims at all. For example, the first "Cause of Action" simply lists investigative guidelines and states that the Defendant failed to follow them, making it most unclear what claim, if any, is being asserted.

In addition, none of the "Counts," and/or "Causes of Action" incorporate the introductory fact section by reference, and most fail to otherwise include facts supporting each claim. As a result, it is very unclear what facts, if any, are meant to support each claim.

Further, the fact that multiple counts are pled against Detective Samberg in his *official* capacity and against the "City" makes it difficult to discern which claims are meant to be

asserted against Defendant Samberg in his individual capacity, the only remaining Defendant in this action. This confusion also deprives Samberg of fair notice of the claims against him.

Moreover, while the Plaintiff makes a claim for both compensatory and punitive damages at the end of her Complaint (one million dollars compensatory damages and six million dollars punitive damages), it is unclear, among other things, whether she seeks to recover compensatory and punitive damages for each and every claim.

Finally, as Defendant Samberg points out in his motion to dismiss, Plaintiff's Complaint fails to state her claims in numbered paragraphs as required by Fed. R. Civ. P. 10(b).

**Conclusion**

As Plaintiff Barnes fails to provide Defendant Samberg with fair notice of the claims against him, this Court concludes that it is appropriate to dismiss Plaintiff's Third Amended Complaint; however, Plaintiff Barnes will have an opportunity to replead her complaint. If she chooses to replead, she should be sure to:

1. Number each paragraph of the Complaint; for example, write "1" and then proceed to write the first paragraph, write "2" and then proceed to write the next paragraph, etc.

2. Include only the claims that Plaintiff wishes to assert against Defendant Samberg *in his individual capacity.*

3. Clearly label each claim against Defendant Samberg. For example, "Count 1: Intentional Infliction of Emotional Distress Against Defendant Samberg, Count 2: Negligence Against Defendant Samberg, etc."

4. Plaintiff should tell this Court what facts support each claim against Defendant Samberg. Plaintiff does not need to include all of the facts related to each claim, but she should include enough facts so that the Defendant knows what she is talking about. For example, "Defendant Samberg is liable for the intentional infliction of emotional distress because Defendant Samberg did actions X, Y, and Z."

5. For each claim, Plaintiff shall ask for a remedy. For example, "Plaintiff asks for compensatory damages in the amount of $X for Plaintiff's Intentional Infliction of Emotional Distress Claim against Defendant Samberg."

It is therefore **ORDERED** AND **ADJUDGED** that:

1. Defendant Jeffery Samberg's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 28) is hereby granted. The Third Amended Complaint is DISMISSED.

2. Plaintiff Yvonne Barnes may replead her complaint within thirty (30) days from the date of this Order, failing which the Clerk of Court will be directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 22, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-737.mtd 28.frm