UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YVONNE BARNES,** *pro se*,

    **Plaintiff,**

v.                                                 Case No.  8:10-cv-737-T-30AEP

**DETECTIVE JEFFERY SAMBERG,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. #35).  Upon considering Defendant's Motion, and being otherwise advised in the premises,[1] the Court concludes that the motion should be granted.

### Background

Although Plaintiff's allegations are not entirely clear, it appears that Plaintiff Yvonne Barnes contends that Defendant Detective Jeffery Samberg violated her rights by failing to properly investigate a case of check fraud.  Plaintiff seems to concede that she passed a bad check; however, she alleges that she innocently did so, having obtained the check in exchange for holiday baskets, and not knowing that the check was fraudulent.  Plaintiff contends that Defendant failed to adequately investigate her claim of innocence, and failed to properly notify her that there was a warrant for her arrest.  Plaintiff states, in a conclusory fashion, that such conduct violates her 5th and 6th Amendment rights, 42 U.S.C. § 1983, and

---

[1] Plaintiff has failed to file a response, despite having had over three months to do so.

additionally makes Defendant liable for negligence, the intentional infliction of emotional distress, and malicious prosecution.

This Court dismissed Plaintiff's previous complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a). (*See* Dkt. #33). In that Order, this Court cautioned Plaintiff that, if she were to re-plead, she should be sure to follow certain enumerated specific guidelines. Among other things, the Court instructed her to clearly label each claim against the Defendant and to clearly indicate which alleged facts supported each claim.

Defendant now moves to dismiss Plaintiff's latest iteration of her complaint, arguing that it once again fails to comply with Fed. R. Civ. P. 8(a). Defendant also moves to dismiss in accordance with Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's Fourth Amended Complaint fails to state a claim upon which relief can be granted.

**Discussion**

Courts construe the pleadings of *pro se* litigants more liberally than those drafted by attorneys. *See, e.g., Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990). However, although *pro se* pleadings are more liberally construed, *pro se* litigants still must comply with federal procedural rules and local court rules. *See, e.g., Wayne v. Jarvis,* 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee,* 338 F.3d 1304, 1328, n.52 (11th Cir. 2003).

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction

. . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (2007).

In her Fourth Amended Complaint, Plaintiff once again fails to comply with Fed. R. Civ. P. 8(a). Among other things, Plaintiff has failed to clearly delineate which alleged facts apply to which claim, supply the dates when the alleged actions took place, or plead even a threadbare recitation of the elements of any of her claims. Read as a whole, Plaintiff's turbid Fourth Amended Complaint violates Fed. R. Civ. P. 8(a) by failing to give Defendant Samberg fair notice of the charges against him. Plaintiff's latest amended complaint also fails to comply with the specific re-pleading instructions of the Court's Order dismissing Plaintiff's Third Amended Complaint (Dkt. #33). As a result, the Court concludes that it is appropriate to dismiss Plaintiff's Fourth Amended Complaint for failure to comply with Fed. R. Civ. P. 8(a).

Moreover, Plaintiff's Fourth Amended Complaint fails to state a cause of action upon which relief can be granted, and therefore should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to plead even a threadbare recital of elements for any of her various claims, and none can be thought to be plausible.

This Court has given Plaintiff ample opportunity to bring a valid cause of action against Defendant, yet, Plaintiff has failed to do so despite her *fifth* try. As it appears that any further amendment would be futile, the Court concludes that it is appropriate to dismiss Plaintiff's Fourth Amended Complaint *with prejudice.*

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. #35) is hereby granted. Plaintiff's Fourth Amended Complaint (Dkt. #34) is hereby dismissed with prejudice.

2. The Clerk is directed to terminate any pending motions as moot, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-737.mtd.35.frm