UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE BARNES,

    Plaintiff,

v.                                             Case No. 8:10-cv-737-T-30AEP

DETECTIVE JEFFERY SAMBERG,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

This matter comes before the Court upon Plaintiff's "Motion for Appeal" (Dkt. No. 40), which the Court construes as a notice of appeal, and Plaintiff's Affidavit of Indigency (Dkt. No. 41), which the Court construes as a motion for leave to appeal *in forma pauperis*. Plaintiff, proceeding *pro se*, filed a complaint asserting multiple violations against various Defendants relating to a purported improper investigation of check fraud and sought to proceed *in forma pauperis* (Dkt. Nos. 1, 2). After consideration, the Court initially allowed Plaintiff to proceed *in forma pauperis* in this action but only as to her claims against Defendant Detective Jefferey Samberg in his individual capacity (Dkt. No. 10). During the course of the proceedings, Plaintiff filed five separate complaints in an attempt to set forth a cognizable claim against Defendant. Upon the filing of Plaintiff's Fourth Amended Complaint, Defendant filed a motion to dismiss, which the Court granted (Dkt. Nos. 34, 35, 39).[1] In dismissing Plaintiff's Fourth Amended Complaint with prejudice, the Court found that Plaintiff failed to comply with Rule 8(a), Federal

---

[1] Although she received more than three months to file a response to the motion to dismiss, Plaintiff failed to do so.

Rules of Civil Procedure, despite the Court's prior instructions as to how to properly comply, and failed to state a cognizable claim upon which relief could be granted despite her five attempts to do so (Dkt. No. 39). Accordingly, the Court found that any further amendment would prove futile and therefore dismissed Plaintiff's Fourth Amended Complaint with prejudice (*id.*). It appears Plaintiff now seeks to appeal the Order dismissing this action and to proceed on appeal *in forma pauperis* (Dkt. Nos. 40, 41).

Pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district-court action seeking to appeal *in forma pauperis* must file a motion and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)-(C). Where a party was permitted to proceed *in forma pauperis* in the district-court action, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3)(A). Further, a court may dismiss a case at any time if it determines the action or appeal is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (*per curiam*) (*quoting Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). In this context, "good faith" is judged by an objective standard and shown when a plaintiff seeks appellate review of any issue not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

As the Order dismissing this action makes plain, Plaintiff has failed to state any cognizable claim despite numerous opportunities to do so and her claims and appeal of those claims are thus frivolous. *See* Dkt. No. 39. For the reasons set out in the Order dismissing this action, therefore, it is hereby

RECOMMENDED:

1. Plaintiff's construed motion for leave to appeal *in forma pauperis* (Dkt. No. 41) be DENIED.

2. The Court certify Plaintiff's appeal is not taken in good faith.

3. The Clerk notify the Eleventh Circuit that the motion to proceed *in forma pauperis* is denied and that the appeal is not taken in good faith in accordance with Rule 24(a)(4), Federal Rules of Appellate Procedure.

IT IS SO REPORTED in Tampa, Florida, this 28th day of June, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James S. Moody, Jr.
Counsel of record
Plaintiff, *pro se*